IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ZACK ZEMBLIEST SMITH, III | § | |
| VS. | § | CIVIL ACTION NO. 1:16-cv-257 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Zack Zembliest Smith, III, a federal prisoner confined at the Federal Medical Center in Fort Worth, Texas, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On October 5, 1994, following a trial by jury before the United States District Court for the Eastern District of Texas, Movant was convicted of three counts of Obstructing and Affecting Commerce by Means of Robbery, in violation of 18 U.S.C. § 1951 (Counts 1, 3, and 5); and three counts of Using and Carrying a Firearm During and in Relation to a Crime of Violence (Counts 2, 4, and 6), in violation of 18 U.S.C. § 924(c)(1). Based on his classification as a career offender, Movant was sentenced to a term of 262 months' imprisonment on Counts 1, 3, and 5, 240 of the months for Counts 1 and 3 to be served concurrently, and 240 months for Count 5 would run concurrently with the additional 22 months being consecutive to Counts 1 and 3; 60 months' confinement on Count 2, to be served consecutively to Counts 1, 3, and 5; 20 years' confinement on Count 4, to be served consecutively to Counts 1, 2, 3, and 5; and 20 years' confinement on Count 6, to be served consecutively to Count 5.

Movant appealed his conviction to the United States Court of Appeals for the Fifth Circuit. The appellate court affirmed the judgment of the district court on July 24, 1995. *See United States v. Smith*, 66 F. 3d 319, No. 94-41356 (5th Cir. July 24, 1995) (unpublished).

## The Motion to Vacate

Movant brings this Motion arguing he is eligible for a sentence reduction based on the Supreme Court ruling in *Johnson v. United States*, 576 U.S. 591 (2015). Additionally, Movant supplemented his Motion to Vacate, asserting he is entitled to relief under the Supreme Court ruling in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 204 L. Ed. 2d 757 (2019).

## The Response

The Respondent was ordered to show cause why relief should not be granted. In response, the Respondent contends Movant's claims are without merit. The Respondent contends the sentencing guideline adjustment held unconstitutional in *Johnson* had no effect on Movant's sentence because the decision does not apply to the Sentencing Guidelines. Additionally, the Respondent asserts that the decision in *Davis* provides Movant no relief because he was convicted of Hobbs Act robberies.

## Analysis

*I.    Standard of Review*

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." *See* 28 U.S.C. § 2255(a); *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), *cert. denied*, 504 U.S. 962 (1992).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). After conviction and exhaustion or

waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied,* 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

II.     *Johnson v. United States*

In his first ground, Movant argues he is eligible for a sentence reduction based on the Supreme Court ruling in *Johnson v. United States*, 576 U.S. 591 (2015).

Under the Armed Career Criminal Act ("ACCA"), individuals who violate 28 U.S.C. § 922(g) and have three or more prior convictions for serious drug offenses or violent felonies face an increased prison term of a minimum of 15 years to a maximum of life. In *Johnson v. United States*, the Supreme Court held the "residual clause" defining violent felonies under the ACCA is unconstitutionally vague. *Johnson*, 576 U.S. at 606. The ACCA's residual clause defined "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii). On April 18, 2016, the Supreme Court held that *Johnson's* rule was retroactive to cases on collateral review. *See Welch v. United States*, 578 U.S. 120, 130 (2016).

Movant's reliance on the decision in *Johnson*, however, is misplaced. The determination in *Johnson* has no bearing on Movant's case because his sentence was not increased under the ACCA's residual clause - the only provision that *Johnson* found to be unconstitutional. *See Johnson*, 576 U.S. at 606 (calling into question only the residual clause of the ACCA). A review of the Presentence Report (PSR) in this case reveals there were no adjustments under the Armed Career

Criminal guideline, U.S.S.G. § 4B1.4. Accordingly, *Johnson* does not affect Movant's sentence and his claim is without merit.

Further, even liberally interpreting Movant's claim as a challenge to his sentence under the career offender provision of the United States Sentencing Guidelines, he is entitled to no relief. While Movant was sentenced as a career offender under U.S.S.G. § 4B1.1, the Supreme Court decided that the vagueness challenge at issue in *Johnson* could not be made to similar provisions of the Sentencing Guidelines because the Guidelines are advisory, not mandatory. *See Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892-95, 197 L.Ed.2d 145 (2017).

Here, however, Movant was sentenced in 1994 under a mandatory sentencing scheme before the decision in *United States v. Booker*, 543 U.S. 200 (2005). In *United States v. London*, the Fifth Circuit denied as untimely London's § 2255 motion arguing that his pre-*Booker* sentence imposed under the residual clause of the career offender guideline was unconstitutional under *Johnson* because he failed to assert a right recognized in *Johnson*. *See United States v. London*, 937 F. 3d 502, 509 (5th Cir. 2019), *cert. denied*, ___ U.S. ___, 140 S.Ct. 1140, 206 L.Ed.2d 197 (2020). "This asserted right . . . is not *dictated* by *Johnson* . . . . The Supreme Court has yet to decide whether a vagueness challenge can be raised under the pre-*Booker* Sentencing Guidelines." *Id.* at 507. Thus, any challenge Movant could make as to the mandatory nature of his pre-*Booker* sentence would be untimely, as in *London*. Further, as explained below, Movant was sentenced under the elements clause of § 924(c), not the residual clause. Accordingly, *Johnson* does not afford Movant any relief under the circumstances in this case.

III.   *United States v. Davis*

In his next ground, Movant asserts he is entitled to relief under the Supreme Court ruling in *United States v. Davis*, based on the Court holding that 18 U.S.C. § 924(c)(3)(B), the residual clause definition of a crime of violence, is unconstitutionally vague. *See United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319, 2324, 204 L. Ed. 2d 757 (2019). The Fifth Circuit has since determined that

*Davis* applies retroactively on collateral review of an initial § 2255 motion. *See United States v. Reece*, 938 F.3d 630, 634-35 (5th Cir. 2019).

Title 18 U.S.C. § 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal "crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c)(1)(A). "Crime of violence" is defined in two subparts of the title: the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). In *United States v. Davis*, the Court held that 18 U.S.C. § 924(c)(3)(B), the residual clause definition of a crime of violence, is unconstitutionally vague. *See Davis*, 139 S. Ct. at 2324. Thus, the Court's ruling in *Davis* applies only when a Defendant's conviction under § 924(c) is predicated on a crime of violence as defined by the residual clause, § 924(c)(3)(B), and has no application if the predicate crime was a crime of violence defined by the elements clause, § 924(c)(3)(A), or if the predicate crime was a drug-trafficking crime.

In this case, Movant is entitled to no relief under the decision in *Davis* because Movant was convicted of Using and Carrying a Firearm During and in Relation to a Crime of Violence - Hobbs Act robberies. *See Smith*, No. 94-41356, slip op. at *1. A conviction for Hobbs Act robbery clearly qualifies as a "crime of violence" under the elements clause of § 924(c)(3)(A). *See United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *see also United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018) ("We have reiterated *Buck* in at least five cases. Accordingly, we reject [the defendant's] contention that Hobbs Act robbery fails to qualify as a [crime of violence] predicate."). Therefore, Movant's conviction was not based on the residual clause of Section 924(c)(3)(B) and is not unconstitutional. Thus, Movant is entitled to no relief.

Recommendation

Movant's Motion to Vacate, Set Aside or Correct Sentence should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 26th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE